993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sidney BELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1655.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1993.
 
 Before MARTIN and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Sidney Bell appeals the district court's grant of summary judgment for the Secretary. The district court denied social security disability insurance benefits from November 18, 1985, the date Bell was injured, until June 2, 1988, the day before Bell turned fifty years old. For the following reasons, we affirm.
 
 
 2
 Sidney Bell was born on June 3, 1938 and has a ninth grade education. His occupational experience is limited to unskilled construction and farming jobs. In November 1985, Sidney Bell injured his back while working as a farm laborer. Bell suffered acute pain when he lifted and threw a bag of carrots weighing more than eighty pounds. As a result of the injury, Bell was hospitalized in January 1986.
 
 
 3
 Reports from two examinations taken while Bell was in the hospital are in the record. In the first report, Dr. Holen noted decreased deep tendon reflexes but found no evidence of sensory or motor deficits. Dr. Holen found normal ranges of motion in the cervical spine and slight limitations in the dorsal-lumbar spine. Forward flexion was normal. In the second report, Dr. Smith found evidence of scoliosis of the back and marked muscle spasm in all of the right-side paravertebral muscles. An x-ray of his spine revealed no significant abnormalities. Bell responded to muscle relaxants, analgesics, and bed rest, and he was ambulatory and asymptomatic at the time of his discharge from the hospital. His treatment did not include surgery.
 
 
 4
 Bell received two more examinations in 1986. On May 7, Dr. Smith reported that Bell's dorsolumbar spine had a reduced degree of hyper-extension and lateral and forward flexion. Bell exhibited only slight evidence of paraspinous muscle spasm. Bell was able to walk on his heels and toes, squat, and climb stairs without difficulty. In October, Dr. Walker examined Bell and reported that Bell was in good condition. Bell did not demonstrate notable muscle spasm or scoliosis. Dr. Walker indicated that he had painless forward flexion, extension, and lateral bending. Moreover, straight leg lifting was negative bilaterally. However, x-rays revealed some osteoporosis and chronic degenerative disc disease.
 
 
 5
 Bell's condition deteriorated in 1988 due to several bodily disorders. In March, Dr. Sullivan noticed a problem in the venous system of Bell's right calf. On April 6, Bell was hospitalized because his right leg had thrombophlebitis, the inflammation of a vein associated with blood clot formation. The leg appeared swollen and mottled in color, and the calf was tender. Tests revealed that Bell had chronic obstructive pulmonary disease. After treatment with the blood thinner Coumadin, Dr. Isterabadi reported some improvement in Bell's condition. In July, Dr. Walker diagnosed Bell as having chronic low back syndrome associated with a probable bulge of low lumbar intervertebral disc tissue. Dr. Walker characterized Bell's condition as stable and opined that Bell could lift up to ten pounds on an occasional basis. Dr. Walker recommended that Bell perform sedentary work.
 
 
 6
 In May 1989, Dr. Isterabadi performed another examination. A CT scan of Bell's lumbar spine showed some irregularity of the intervertebral disc between L3 and L4. Dr. Isterabadi concluded that there was some degeneration, but he did not find any evidence of a ruptured disc or encroachment upon the nerve roots. Moreover, he found no evidence of thrombosis or venous obstruction in either leg.
 
 
 7
 Bell initially filed an application for disability benefits on April 25, 1986. This application was denied, and after a hearing, an administrative law judge determined that Bell was not disabled. The administrative law judge determined that Bell had the residual functional capacity to perform a significant number of sedentary-level jobs, even though he was unable to perform his prior work as a farm laborer. Bell then appealed the decision to the Appeals Council, which remanded the matter to the administrative law judge for testimony from a vocational expert on the claimant's occupational base. After a remand hearing with testimony from a vocational expert, the administrative law judge issued a decision finding Bell not disabled because he could perform a limited range of sedentary jobs with an option to sit or stand, thereby permitting him to change his position to relieve discomfort during work.
 
 
 8
 The administrative law judge's decision became the Secretary's final ruling on December 17, 1987, when the Appeals Council denied Bell's request for review of the decision. Bell filed a complaint in district court, and the case was referred to a magistrate judge. The magistrate recommended that the Secretary's decision be affirmed and that Bell's complaint be dismissed. The district court instead remanded Bell's case for further vocational testimony about the existence of jobs that allow a worker to leave a work station temporarily to relieve discomfort. The district court issued this order because Bell had claimed that he would occasionally need to abandon the work site and move around in response to pain.
 
 
 9
 On October 26, 1989, the administrative law judge held a third administrative hearing. The administrative law judge awarded benefits effective June 2, 1988, when Bell reached the age of fifty, but Bell was denied benefits from November 18, 1985 through June 2, 1988. The administrative law judge determined that objective medical evidence did not support Bell's allegations concerning the severity of his symptoms and that he could have performed a number of sedentary jobs with a sit-stand option before he reached the age of fifty. This became the Secretary's final decision when the Appeals Council denied Bell's request for review.
 
 
 10
 Bell again sought judicial review of the Secretary's final decision. Finding substantial evidence to support the Secretary's view that Bell was not disabled during the period in dispute, the magistrate recommended that the Secretary's decision be affirmed. On May 13, 1992, the district court adopted the magistrate's recommendations and affirmed the Secretary's final decision. Bell then timely filed his notice of appeal.
 
 
 11
 Pursuant to 42 U.S.C. § 405(g), the findings of the administrative law judge are conclusive if they are supported by substantial evidence. Accordingly, our review is limited to whether there is substantial evidence in the record to support the findings. Kirk v. Secretary of Health and Human Services, 677 F.2d 524 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983).
 
 
 12
 Bell argues that his need to move about the work area precluded him from being able to perform available work identified by the vocational expert. Bell maintains that because of disabling back pain, he could not have remained seated indefinitely and periodically needed to walk to alleviate pain. Bell contends that the administrative law judge found Bell's testimony credible regarding the need to walk periodically. As a result, Bell argues that he would not have been able to perform the available jobs with a sit-stand option that the vocational expert identified. These positions included jobs in packaging, sorting, and inspecting. The expert indicated that these jobs are unskilled, sedentary, entry-level positions that provide an option to sit or stand.
 
 
 13
 The administrative law judge evaluated the record as a whole, including Bell's testimony and medical evidence, and expressly rejected Bell's contention concerning the need to walk. The administrative law judge specifically found Bell capable of performing the sit-stand jobs identified by the vocational expert. After evaluating the medical evidence, the administrative law judge made the following assessment of his condition:
 
 
 14
 I wish to emphasize that I do not find a need for the claimant to temporarily abandon his work station in order to seek relief of discomfort. The objective medical evidence does not establish that that is necessary.
 
 
 15
 Administrative Law Judge's Decision at 7.
 
 
 16
 The administrative law judge reviewed the medical reports carefully before reaching this conclusion. Dr. Walker recommended that Bell perform sedentary work and did not mention the need to walk around occasionally. Therefore, substantial evidence in the record supports the administrative law judge's finding that Bell would not have had to abandon his work site periodically in order to relieve back pain.
 
 
 17
 Accordingly, the district court's decision granting summary judgment to the Secretary is affirmed.